IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DISABILITY RIGHTS FLORIDA, INC.,

      Plaintiff,

v.                                    CASE NO. 4:16cv47-RH/CAS

JULIE JONES, in her official capacity as
Secretary of the Florida Department of
Corrections,

      Defendant.

_____/


## ORDER DENYING THE MOTION TO DISMISS
## OR FOR A MORE DEFINITE STATEMENT

In this action the plaintiff Disability Rights Florida, Inc., an entity that advocates for persons with disabilities, has sued the Secretary of the Florida Department of Corrections, asserting that the Department routinely violates the constitutional and statutory rights of prisoners with physical disabilities. The Secretary has moved to dismiss or for a more definite statement. This order denies the motion.

The complaint clearly states a claim on which relief can be granted. The Secretary does not assert the contrary. Instead, the motion to dismiss is in effect a

motion to strike. The Secretary asserts that specific paragraphs of the complaint do not support the claims.

In some respects the Secretary is simply incorrect. Thus, for example, evidence of events that occurred outside a limitations period may be admissible to support a claim not barred by the statute of limitations. Evidence that would support a claim that has been released may nonetheless be admissible to support a claim that has not been released, especially when the unreleased claim is asserted by a different party.

More fundamentally, a motion to strike ordinarily should not be used to address substantive issues or to decide whether specific items of evidence—in this instance, evidence of the facts asserted in the challenged paragraphs—will be admissible at trial. An allegation should not be struck just because it is not essential to a claim, nor on the ground that the allegation, standing alone, would not be sufficient to establish the claim. Instead, an allegation is properly struck if it contains "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). None of the challenged allegations meet that standard.

In seeking a more definite statement, the Secretary notes that the complaint, while long and detailed, is also open ended. In paragraph 21, the complaint alleges that the Department has violated the rights of prisoners with specified types of physical disabilities—hearing, vision, and mobility impairments—and has done so

in 12 specified respects. But the paragraph says that the disabilities include, "without limitation," those that are listed, and that the list of 12 types of violations is not "exhaustive." Compl., ECF No. 1, at ¶ 21. The response to the motion for a more definite statement candidly admits that the goal is to avoid limitation—to allow other types of disabilities or violations to be added later.

The plaintiff has presented a commendably informative complaint. There is no reason to believe the plaintiff knows at this time that the Department has violated, in ways other than those listed in paragraph 21, the rights of prisoners with hearing, vision, and mobility impairments. Nor is there a reason to believe the plaintiff knows at this time of violations against prisoners with other types of physical disabilities. Requiring a more definite statement now thus would serve no purpose. The Secretary may propound contention interrogatories or other appropriate discovery. The plaintiff should expect to provide timely responses and to promptly supplement responses if new information arises. The Secretary should be able to rely on the complaint, Federal Rule of Civil Procedure 26 disclosures, and discovery responses as the case progresses. The addition of new categories of disabilities or new alleged violations, without an explanation for the failure to disclose them earlier, will not be well received.

For these reasons,

IT IS ORDERED:

The motion to dismiss or for a more definite statement, ECF No. 13, is denied.

SO ORDERED on May 26, 2016.

>s/Robert L. Hinkle
> United States District Judge