UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

DISABILITY RIGHTS FLORIDA, INC.,

        Plaintiff,

vs.                                          CASE NO. 4:16-cv-47-RH-CAS

JULIE JONES, in her official capacity as
Secretary of the Florida Department of
Corrections,

        Defendant.
_____/

## **STIPULATED CONFIDENTIALITY ORDER**

        THIS CAUSE came to be heard upon Plaintiff and Defendant's Joint Motion for Entry of Stipulated Confidentiality Order to facilitate the exchange, disclosure, and use of documents and information that the parties may wish to keep confidential. Being advised that the parties have agreed to the entry of this Order, and after reviewing the file and finding good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

        **ORDERED AND ADJUDGED** as follows:

        1.     This Order governs the handling, exchange, disclosure, maintenance, storage, use, and discussion of documents that a party may wish to keep Confidential. Confidentiality shall not be automatic. If a party wishes to designate a document as Confidential, the producing party shall prominently mark the document "CONFIDENTIAL" and produce it, and all parties shall treat it as Confidential as defined herein, unless and until the Court orders otherwise.

        2.     If the party receiving the document(s) disputes the Confidential nature of the document(s), that party shall notify the producing party in writing of the dispute as to

Confidentiality and identify the particular document(s) as to which Confidentiality is in dispute. The parties shall confer and make a good faith attempt to reach an agreement. If agreement cannot be reached, the producing party seeking Confidentiality shall, within fourteen (14) calendar days from the date of written notification of the dispute as to Confidentiality, file a Motion to Designate Document(s) as Confidential. Failure to file such a Motion in the time allotted shall result in a waiver of Confidentiality, but the time to file such a Motion may be extended by agreement of the parties. The opposing party shall file a response within seven (7) calendar days. If the Court grants the Motion, the parties shall continue to treat the document(s) as Confidential. If the Motion is denied, the document(s) shall no longer be deemed Confidential.

     3.     This Order does not alter the legal standard for determining whether a document will be deemed Confidential. The Court will apply Federal Rule of Civil Procedure 26(c) and any other applicable rules or case law, and the party seeking confidentiality shall bear the burden of persuasion and production.

     4.     This Order does not extend the time for any party to respond to a discovery request or file a document. All discovery responses must be served, and all documents must be filed, within the time prescribed by the applicable rules and Orders of this Court.

     5.     If a document is designated as Confidential, either by agreement or by Order of this Court, the following rules shall apply:

     a. The parties and their counsel shall keep Confidential documents in strict confidence, shall use Confidential documents only for purposes reasonably connected to this litigation, and shall not share Confidential documents with any third party, except that Confidential documents may be provided to any Qualified Individual under the circumstances described in this Order.

b. Qualified Individuals include the parties and their legal counsel; the Court and Court personnel; court reporters or videographers who transcribe or record depositions or other testimony in this case; legal associates, paralegals, clerical and other support staff of the parties and their Counsel; experts or consultants retained by either party for assistance in the above-captioned case; translators or interpreters used for depositions or other proceedings; any person who authored or received the document; and any other person upon written permission from the party producing the Confidential documents.  All persons listed in this paragraph who receive Confidential documents shall keep them in strict confidence, shall not disclose them to any other person, and shall use them only for purposes reasonably connected to this litigation.  Before Confidential documents are shared with experts or consultants, such experts or consultants shall be given a copy of this Order and shall agree in writing to be bound by its terms by signing the attached Acknowledgment of Confidentiality Order.  Additionally, Confidential documents shall not be disclosed to individuals who are or have been incarcerated in the Florida prison system without written permission from the party producing the Confidential documents.

c. In a deposition, a party may use, refer to, discuss the contents of, or attach as an exhibit a Confidential document only if the following procedures are followed:  The party taking the deposition shall ensure that there is no one present at the deposition who is not authorized to receive Confidential documents.  Before the deposition begins, the party taking the deposition shall provide a copy of this Order to the court reporter and videographer, and shall ensure that the court reporter and videographer sign the Acknowledgement of Confidentiality Order.  Before discussing the contents of a Confidential document during the deposition, the party shall state on the record that the

document is Confidential. Any party may, within fourteen (14) calendar days after receiving the deposition transcript, notify all other parties of the desire to designate pages of the transcript (and exhibits thereto) as Confidential. The parties shall then follow the procedures set forth in paragraphs 1 and 2, above. Before the expiration of the initial fourteen-day period after receipt of the deposition transcript, the entire deposition will be treated as Confidential. If no party or deponent timely notifies the other parties of the desire to designate portions of the deposition as Confidential, then none of the transcript will be treated as Confidential.

    d. If a party wishes to file a Confidential document (including portions of a deposition) with the Court, it must be filed under seal, following the appropriate procedures to do so in the Northern District of Florida. If a party wishes to file a pleading or document with the Court that summarizes, quotes, or contains protected material from a Confidential document, the party shall publicly file a document with the Confidential information redacted, and also file under seal an unredacted version. Confidential documents are hereby designated as documents that may be sealed without an order pursuant to Local Rule 5.5(B).

    e. Any party may use Confidential documents at trial or an evidentiary hearing, including but not limited to introducing them into evidence and asking a witness about their contents. Before a party uses a Confidential document at trial, the party must first alert the Court and the opposing side of the intent to use a Confidential document. If a jury is present, the Court will then instruct the jury that they may not discuss the contents the Confidential documents with anyone who is not a juror on this case. If a party moves a Confidential document into evidence and wants it to be a part of the record, the Court

shall appropriately instruct the Clerk on how to handle all such admitted into evidence Confidential documents.

6.  Any party may request that the Court reconsider a ruling on Confidentiality should new factual or legal developments occur.

7.  This Order only covers documents that are exchanged through the discovery process in the above-captioned case. If any party obtains documents by any means other than the discovery process in the above captioned case (for example, through public records requests), such documents are not covered by this Order, even if those documents are the same as those that that have been designated as Confidential pursuant to this Order.

8.  Nothing in this Order shall limit the use by any party of documents in the party's possession that were not produced by the opposing party, even if such documents have been designated as Confidential.

9.  Nothing in this Order prevents any party from raising any objection to the discoverability, admissibility, relevance, or privileged nature of any document.

10. At the conclusion of these proceedings, any party who has received Confidential documents shall either return the documents to the party who produced them, or destroy the documents (including all copies). If destroyed, counsel for the destroying party shall send a declaration to the party producing the Confidential material that the documents have been destroyed in accordance with this Order. For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final Order of this Court ending the case, the conclusion of any appeals and proceedings on remand, or the expiration of time for any party to seek further appellate review.

11. This Order shall continue in effect after the conclusion of these proceedings, and

the Court retains jurisdiction to enforce it.

12. The disclosure of protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and its regulations is addressed by this Court's separate HIPAA Qualified Protective Order (DE __).

13. In the event that additional persons or entities become parties to this litigation, the current parties shall immediately provide a copy of this Order to such persons or entities. The new person or entity shall have ten (10) calendar days from the date they receive this Order to file either a) a notice indicating they do not object to being bound by this Order, or b) an appropriate motion requesting modification of this Order. Confidential documents shall not be provided to new persons or entities until such a notice is filed or the Court rules on such a motion.

14. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Inadvertently producing material that is subject to a claim of privilege or other protection does not result in a waiver those privileges or protections.

15. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must, not later than 30 calendar days after learning of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

                    _____
                    ROBERT H. HINKLE
                    UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

DISABILITY RIGHTS FLORIDA, INC.,

        Plaintiff,

vs.                                   CASE NO. 4:16-cv-47-RH-CAS

JULIE JONES, in her official capacity as
Secretary of the Florida Department of
Corrections,

        Defendant.
_____/

### ACKNOWLEDGMENT of STIPULATED CONFIDENTIALITY ORDER

     I, _____, hereby acknowledge that I have reviewed the Stipulated Confidentiality Order entered into in the above-captioned case and that I agree to be bound by the Order. I further agree to the following limitations upon the use and disclosure of the Confidential documents which I am being provided:

     1.    I will use the Confidential documents solely in connection with the proceedings in the above-entitled case and for no other purpose.
     2.    I will not disclose any of the Confidential documents to any other person or entity except as authorized by the Stipulated Confidentiality Order; and
     3.    Upon request, I will immediately return or destroy any Confidential documents (including all copies). If destroyed, I will send a declaration to the party producing the document(s) that said documents(s) have been destroyed in accordance with the Order.

     I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

     Dated this _____ day of _____, 2016.


_____              _____
(Print Name)                                          (Signature)