# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Intervenor,<br><br>　　　v.<br><br>JULIE JONES, in her official capacity as Secretary of the Florida Department of Corrections,<br><br>　　　　Defendant.<br><br>DISABILITY RIGHTS FLORIDA, INC.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JULIE JONES, in her official capacity as Secretary of the Florida Department of Corrections,<br><br>　　　　Defendant. | Case No. 4-16cv-47-RH/CAS<br><br>**COMPLAINT IN INTERVENTION** |

**PLAINTIFF-INTERVENOR UNITED STATES'
COMPLAINT IN INTERVENTION**

Plaintiff-Intervenor, the United States of America ("United States"), alleges the following:

1

## INTRODUCTION

1. The United States files this action against Julie Jones in her capacity as Secretary of the Florida Department of Corrections ("FDOC") to enforce Title II of the Americans with Disabilities Act of 1990, as amended ("Title II" and "ADA"), 42 U.S.C. §§ 12131-12134; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and their implementing regulations, 28 C.F.R Parts 35 and 42.

2. From approximately 2009 to the present, FDOC has repeatedly failed to provide effective communication for inmates with disabilities. FDOC has also failed to provide to inmates with disabilities the benefits of the programs, services, and activities that FDOC provides to inmates without disabilities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

4. This Court has the authority to grant the relief sought pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 12133, and 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to this cause of action took place within this district, and it is proper in this Division because the headquarters of FDOC is located in Tallahassee, Florida.

## PARTIES

6. Plaintiff-Intervenor is the United States of America. The United States Department of Justice is the agency with primary regulatory and enforcement responsibilities under Title II of the ADA and under Section 504. As such, the Department plays a unique role in enforcing and interpreting these statutes and their implementing regulation on behalf of the broad public interest. The United States' prominent enforcement role is reflected in the statutory authorization given the Attorney General to commence a legal action when discrimination prohibited by the ADA or Section 504 takes place. 42 U.S.C. § 12133; 29 U.S.C. § 794a.

7. Defendant Julie Jones is the current Secretary and chief executive officer of FDOC. FDOC is the agency of the State of Florida that operates state prisons. It is headquartered in Tallahassee, in the Northern District of Florida. FDOC is a public entity under 42 U.S.C. § 12131(1), and thus is subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and the implementing regulation, 28 C.F.R. Part 35. FDOC receives federal funding from the Department, and thus is subject to Section 504, 29 U.S.C. § 794, and the implementing regulation, 28 C.F.R. Part 42.

## FACTS

8. FDOC systemically violates the rights of inmates with disabilities under Title II of the ADA and under Section 504. Systemic violations include but are not limited to the following:

a. *Failure to provide assistive devices*: FDOC routinely fails to provide inmates with the auxiliary aids and services they require to perform routine activities in a prison environment. For instance, FDOC routinely fails to provide hearing aids and similar devices to inmates who need and request them, depriving those inmates of even a limited ability to hear for months or even years at a time.

b. *Failure to provide interpreters*: FDOC also routinely fails to provide qualified interpreters to inmates with hearing disabilities who require interpreters to communicate effectively, despite FDOC policy requiring the provision of interpreters in some circumstances (e.g., for extended medical events).

c. *Failure to provide teletypewriters or videophones:* FDOC fails to provide effective communication devices for inmates with hearing disabilities to contact legal counsel, family, and friends, unlike inmates without disabilities who may use telephones. Some FDOC facilities have teletypewriters (TTY), an increasingly outdated form of communication that allows inmates to communicate with outside parties through words keyed into a device that sends and receives typewritten messages. But even when TTY devices are present, they are frequently broken, in locations that inmates cannot access, out of paper, restricted to a degree

that ordinary telephones are not, and unable to contact significant telephone numbers, such as the Florida abuse hotline.

d. *Exclusion from programs, activities, or services*: FDOC prohibits otherwise qualified inmates with disabilities from participating in programs, services, or activities, such as job programs, because of their disabilities.

9. As an example of the violations outlined above, an FDOC inmate with a hearing disability sought to have FDOC issue him two working hearing aids in 2009. The inmate did not receive two working hearing aids from FDOC until 2014. In the interim, FDOC alternately ignored his requests, dismissed his claims that he had turned in non-functioning hearing aids to FDOC, and lost track of the location of his hearing aids in the system. One month after he finally obtained two hearing aids in 2014, one of them broke. The inmate submitted it to FDOC for repair; FDOC returned it to him a month later, still broken.

10. As further example, although FDOC policy requires inmates with hearing disabilities to have access to an American Sign Language (ASL) interpreter for medical appointments, FDOC has failed to provide an inmate with a hearing disability an ASL interpreter for any medical, dental, psychological, or classification event in over fifteen years of his incarceration. Because this inmate has limited literacy in English, written communication with him is frequently

ineffective.  On one occasion in 2012, FDOC medical staff members gave this inmate incorrect medicine due to their inability to effectively communicate with him, and did not detect the error for nearly a week.

11.  As further example, a third inmate also has a hearing disability.  This inmate has filed numerous grievances from 2013 to the present concerning his inability to contact his family through the TTY devices that FDOC provides to inmates.  FDOC took no action to rectify the situation, and did not consider the use of videophones as an alternative means of communication.  FDOC has also failed to provide this inmate with two functioning hearing aids for over thirteen years, despite numerous efforts on his part to obtain them.

12.  As further example, two additional inmates with hearing disabilities sought paying work positions with FDOC in 2013 and 2014, respectively.  FDOC declined to consider them for any jobs because they are deaf.

**VIOLATION OF TITLE II OF THE ADA**
(42 U.S.C. §§ 12131-12134; 28 C.F.R Part 35)

13.  The allegations contained in the preceding paragraphs are incorporated by reference.

14.  FDOC has, by reason of disability, excluded qualified individuals from participation in, and denied them the benefits of, the services, programs, and activities FDOC provides to inmates without disabilities, or otherwise

discriminated against them, in violation of 42 U.S.C. § 12132 and 28 C.F.R. Part 35.

15. FDOC has denied effective communication to inmates with disabilities, including through its failure to provide appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.160.

16. FDOC acted intentionally and with deliberate indifference and knew or should have known that it had not provided the benefit of its services, programs, and activities to inmates with disabilities, and that it failed to provide effective communication to inmates with disabilities.

17. As a result of FDOC's discrimination, qualified individuals with disabilities have suffered injuries including humiliation, frustration, and distress.

18. Unless restrained by this Court, Defendant will continue to engage in the conduct and practices set forth in paragraph 8 that deprive FDOC inmates with disabilities of their ADA rights and will continue to cause harm to those inmates.

## **VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**
(29 U.S.C. § 794; 28 C.F.R. Part 42)

19. The allegations contained in the preceding paragraphs are incorporated by reference.

20. FDOC is a program or activity receiving federal financial assistance.

21. FDOC has, by reason of disability, excluded qualified individuals from participation in, and denied them the benefits of, the programs and activities FDOC

provides to inmates without disabilities, or otherwise discriminated against them, in violation of 29 U.S.C. § 794 and 28 C.F.R. Part 42.

22.   FDOC has failed to insure that communications with inmates with disabilities are effectively conveyed, including through its failure to provide appropriate auxiliary aids, in violation of 29 U.S.C. § 794 and 28 C.F.R. § 42.503(e), (f).

23.   FDOC acted intentionally and with deliberate indifference and knew or should have known that it had not provided the benefit of its programs and activities to inmates with disabilities, and that it failed to insure that communications with inmates with disabilities were effectively conveyed.

24.   As a result of FDOC's discrimination, qualified individuals with disabilities have suffered injuries including humiliation, frustration, and distress.

25.   Unless restrained by this Court, Defendant will continue to engage in the conduct and practices set forth in paragraph 8 that deprive FDOC inmates with disabilities of their rights under Section 504 and will continue to cause harm to those inmates.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

(1)   Grant judgment in favor of the United States and declare that FDOC violated Title II of the ADA, 42 U.S.C. §§ 12131-12134, Section 504,

29 U.S.C. § 794, and their implementing regulations at 28 C.F.R. Parts 35 and 42.

(2)  Enjoin FDOC, its officers, agents, employees, and all other persons and entities in active concert and participation with it from denying individuals with disabilities equal participation in and equal opportunity to benefit from its services, programs, and activities, or otherwise subjecting individuals with disabilities to discrimination.

(3)  Enjoin FDOC, its officers, agents, employees, and all other persons and entities in active concert and participation with it from failing to provide effective communication to inmates with disabilities.

(4)  Order FDOC to provide training to its employees regarding the obligations of Title II, Section 504, and their implementing regulations.

(5)  Order FDOC to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable person aggrieved and harmed by FDOC's discriminatory conduct to the position that he or she would have been in but for FDOC conduct.

(6)  Order compensatory damages, including damages for pain and suffering, in an appropriate amount for injuries suffered as a result of

        FDOC's failure to comply with the requirements of Title II of the ADA and with Section 504.

(7)     Order such other appropriate relief as the interests of justice may require.

Dated:  January 9, 2017

|  |  |
|---|---|
|  | Respectfully submitted, |
| CHRISTOPHER CANOVA | LORETTA E. LYNCH |
| United States Attorney | Attorney General |
| Northern District of Florida |  |
| 111 N. Adams Street 4th Floor | /s/ Vanita Gupta (with permission) |
| 4th Floor U.S. Courthouse | VANITA GUPTA |
| Tallahassee, FL 32301 | Principal Deputy Assistant Attorney |
| (850) 942-8430 | General |
| Chris.Canova@usdoj.gov | EVE L. HILL |
|  | Deputy Assistant Attorney General |
|  | Civil Rights Division |
|  |  |
|  | /s/ Rebecca B. Bond (with permission) |
|  | REBECCA B. BOND |
|  | Chief |
|  | KATHLEEN WOLFE |
|  | Special Litigation Counsel |
|  | MELLIE H. NELSON |
|  | Supervising Trial Attorney |
|  | Disability Rights Section |
|  |  |
|  | /s/ Elisabeth Oppenheimer |
|  | DOUGLAS KERN |
|  | OH Bar No. 72864 |
|  | ELISABETH OPPENHEIMER |
|  | MA Bar No. 686312 |
|  | Trial Attorneys |
|  | Disability Rights Section (NYA) |
|  | U.S. Department of Justice |
|  | 950 Pennsylvania Ave., N.W. – NYA |
|  | Washington, DC  20530 |
|  | (202) 307-0063, (202) 305-4486 (Fax) |
|  | doug.kern@usdoj.gov |
|  | elisabeth.oppenheimer@usdoj.gov |
|  |  |
|  | *Counsel for Plaintiff-Intervenor* |
|  | *United States of America* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have filed the foregoing document electronically via CM/ECF, which will result in service upon all counsel of record, on this 9th day of January, 2017.

                                                /s/ Elisabeth Oppenheimer
                                                ELISABETH OPPENHEIMER
                                                Trial Attorney